## GRAHAM *v.* HOPKINS.

1. Where, upon the trial of an ejectment cause, a certified copy of a will is offered in evidence by the plaintiff, which, upon objection made by the defendant, is withdrawn, and afterwards the original will is without objection introduced by the plaintiff, counsel for the defendant can not then

demand the delivery to them of the certified copy, to which they had previously objected, and a ruling of the court refusing a direction to plaintiff's counsel to that effect is not good ground for the reversal of a judgment refusing a new trial; especially is this true, when it does not appear from the record for what purpose the defendant's counsel desired the possession of such paper.

2. The verdict was sustained by the evidence, and the trial judge did not err in refusing to grant a new trial.

Submitted April 17, — Decided May 7, 1897.

Ejectment.    Before Judge Kimsey.    Dawson superior court. February term, 1896.

*Boyd & Lilly*, for plaintiff in error.
*J. M. Bishop* and *W. A. Charters*, contra.

ATKINSON, J.    The plaintiff brought against the defendant an action of ejectment.    On the trial he introduced a grant from the State to John Gignilliat.    He offered in evidence a certified copy of the will of John Gignilliat; and when this was offered, counsel for the defendant objected to its introduction, but what objection was urged to its admission does not appear. In order to meet the objection, counsel for plaintiff withdrew the certified copy of the will of Gignilliat, through whom he claimed title, and offered in evidence the original will itself, and this was admitted.    Objection was made to the introduction of this will, and that objection being overruled, the judgment of the court overruling it was made one of the exceptions in the motion for new trial; but this exception was abandoned, we think properly, by counsel for the plaintiff in error, and we therefore treat the original will as having been admitted without objection.    After the admission of the original, and after the certified copy had been withdrawn to obviate the objection of defendant's counsel, he desired to introduce upon his own account this certified copy of the will, and moved the court to compel its production by counsel for the plaintiff, it being alleged that it was then in the possession of counsel for the plaintiff and in court.    The court overruled this motion, and this is made the sole ground of exception which is insisted upon in this court, and which appears to be at all meritorious.

The reason why this motion should have been overruled is, that the court was not bound to order the production of a paper

which had been offered at a previous stage of the case by the opposite party, and which was not introduced in evidence because of an objection urged by the party then seeking to enforce its production. If defendant's counsel had desired the use of the certified copy for any proper purpose, it would have been introduced in evidence by the opposite party but for his objection. If the objection he made were a sufficient reason in the first instance for excluding it, we know of no reason why the objection should be removed if he offered it.

The verdict is supported by the evidence in the case, and the trial judge did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*